# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## 97-60348
_____

**Juana Maria Lerma de Garcia,**

**Petitioner,**

**versus**

**Immigration and Naturalization Service,**

**Respondent.**
_____

### Petition for Review of an Order of the
### Board of Immigration Appeals
_____
### May 11, 1998

Before REAVLEY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Petitioner, Juana Maria Lerma de Garcia, challenges the Board of Immigration Appeals ("BIA") final order of deportation issued on April 29, 1997. We dismiss the petition for lack of jurisdiction.

## BACKGROUND

Petitioner has been a permanent resident of the United States since 1981. In 1994, petitioner pled guilty to possession of marijuana, in an amount between five to fifty pounds. Based upon this conviction, on February 17, 1994, the INS initiated deportation proceedings against Petitioner for a controlled substance violation pursuant to section 241(a)(2)(B)(i) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(i).

Petitioner admitted she was statutorily eligible for deportation, but applied for discretionary relief under section 212(c), 8 U.S.C. § 1182(c). Petitioner misplaced the hearing notice, her attorney mistook the date of the hearing, and neither she nor her counsel appeared for her hearing. The Immigration Judge ("IJ") deemed Petitioner's application abandoned and ordered her deportation.

Petitioner filed a motion to reopen, in order to apply for relief under section 212(c). On December 5, 1994, the IJ denied the motion on the grounds that petitioner had failed to demonstrate exceptional circumstances.

Petitioner filed a second motion to reopen, which the IJ denied on February 10, 1995. The BIA affirmed the IJ's decision on June 8, 1995. Petitioner filed a third motion to reopen, which the IJ denied on August 31, 1995. Petitioner appealed the denial to the BIA, which dismissed the appeal on February 12, 1996.

Petitioner filed a fourth motion to reopen, this time directly with the BIA. On April 29, 1997, a single board member, acting on behalf of the entire board, denied this appeal. The BIA found section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1277, as amended by the Illegal Immigration Reform and Immigrant Act ("IIRIRA") of 1996, Pub. L. No. 104-208, § 309(c)(4)(G), 110

Stat. 3009, 626-27, rendered her statutorily ineligible for the relief she sought.

Petitioner filed this appeal, claiming (1) that the BIA's final order is void, because it was issued by a single boardmember; and (2) that § 440(d) is unconstitutional. In a related proceeding, petitioner filed for writ of habeas corpus seeking review of the Final Order of Deportation in the District Court for the Southern District of Texas, Brownsville Division.

**DISCUSSION**

IIRIRA § 309(c)(4)(G), 110 Stat. 3009, 626-27, contains the provisional standards for criminal deportees whose deportation proceedings commence before IIRIRA's general effective date of April 1, 1997, and conclude more than thirty days after its passage on September 30, 1996. Section 309(c)(4)(G) provides that

> there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i) of such Act (as so in effect).

We have previously held that this language "completely forecloses our jurisdiction to review decisions of the BIA." *Nguyen v. INS*, 117 F.3d 206, 207 (5th Cir. 1997).

Although Petitioner falls within the confines of IIRIRA § 309(c)(4)(G), *Nguyen* is not dispositive of the issue in this

3

case. The instant case is unique in that -- unlike the earlier opinions -- Petitioner is not seeking review of the BIA's decision, but rather is challenging the BIA's proceedings, as well as IIRIRA, on constitutional grounds. Indeed, the parties now agree that this court lacks jurisdiction to hear this appeal, but disagree over the reason. Petitioner maintains that regardless of the nature of her claim, this court lacks jurisdiction over this appeal, and that the proper avenue of relief is through writ of habeas corpus. Respondent maintains that although this court generally lacks jurisdiction to review deportation orders predicated on section 241(a)(2)(B)(i), this court may exercise jurisdiction if it finds that petitioner has suffered a "substantial constitutional" violation. Because, Respondent argues, the petitioner has not alleged a substantial constitutional violation, it concludes that this court lacks jurisdiction over this appeal. The issue is therefore whether such an exception to the jurisdictional bar set forth under IIRIRA § 309(c)(4)(G) exists.

The Seventh Circuit recently noted that when a petitioner brings a constitutional challenge against the BIA proceedings themselves, an avenue of judicial review *may* be required. *See Chow v. INS*, 113 F.3d 659, 668 (7th Cir. 1997).[1] The court reasoned that although the power to expel aliens was committed to the

_____

[1]Although the Seventh Circuit was reviewing the language of AEDPA § 440(a), we have already held that this language "differs only trivially" from IIRIRA § 309(c)(4)(G). *Nguyen*, 117 F.3d at 207.

4

political branches of government "'with such opportunity for judicial review of their action as Congress may see fit to authorize or permit,' [the Supreme Court] has also recognized that such plenary power is subject to judicial intervention 'under the paramount law of the Constitution.'" *Id.* (quoting *Carlson v. Landon*, 342 U.S. 524, 537, 72 S. Ct. 525, 532-33 (1952)). The court, however, added:

> [T]hat Congress's power to grant or restrict judicial review in deportation proceedings is subject to judicial intervention under the Constitution does not imply necessarily that a federal court of appeals such as this one may retain jurisdiction over a petition raising constitutional claims. This court is a court created by statute, and courts created by statute have no jurisdiction other than that which has been conferred upon them by statute.

*Id.* at 669 (citing *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 449 (1850)). The court concluded that as long as other avenues of judicial review remain available to resident aliens, it did not need to address the difficult question whether Congress may limit the jurisdiction of the lower courts to hear constitutional claims. *See id.* at 668-69.

We now join the Seventh and other circuits by holding that this court does not have jurisdiction to hear Petitioner's constitutional claims in the context she has raised them. We have already followed our sister circuits in noting that "criminal deportees retain some opportunity to apply for writs of habeas corpus." *Nguyen*, 117 F.3d at 207; *see also Williams v. INS*, 114 F.3d 82, 84 (5th Cir. 1997) (noting that the "limited opportunity

5

to apply for a writ of habeas corpus may remain"); *see also Hincapie-Nieto v. INS*, 92 F.3d 27, 30 (2d Cir. 1996) ("The absence of an opportunity for some aliens to file a petition for review in a court of appeals does not necessarily mean, however, that the federal courts are closed to all claims by such aliens arising in the course of deportation proceedings."); *Mansour v. INS*, 123 F.3d 423, 426 (6th Cir. 1997); *Kolster v. INS*, 101 F.3d 785, 790 (1st Cir. 1996).

Because we agree with Petitioner that "the scope of judicial review remaining in habeas is not presently before this Court," we will not at this time address the limits of judicial review that remain available.

Pursuant to IIRIRA § 309(c)(4)(G), this court lacks jurisdiction over this appeal.[2] Accordingly, the petition for review of the BIA's order of deportation is **DISMISSED**.

---

[2]Respondent relies on the Tenth Circuit's opinion in *Wittgenstein v. INS*, 124 F.3d 1244, 1245 (10th Cir. 1997), for the proposition that this court retains jurisdiction to hear substantial constitutional questions arising out of BIA final orders. This reliance is misplaced. The *Wittgenstein* court noted only in passing that the Third Circuit has held that "when 'constitutional rights applicable to aliens may be at stake, judicial review may not be withdrawn by statute.'" *Id.* (quoting *Salazar-Haro v. INS*, 95 F.3d 309, 311 (3d Cir. 1996)). The *Wittgenstein* court never so held that this exception exists, and, hence, should be dismissed as dicta. Moreover, when the language in *Salazar-Haro* is placed in the context in which the Third Circuit intended, it is clear that the court was not recognizing an exception to the jurisdictional bar Congress had created. Rather the court was noting that while a statute cannot foreclose *all* avenues of judicial review, AEDPA was constitutionally valid because aliens retained habeas corpus remedies. *See Salazar-Haro*, 95 F.3d at 311 (citing *Hincapie-Nieto v. INS*, 92 F.3d 27, 29-31 (2d Cir. 1996)).

Respondent's pending motions to dismiss appeal and to supplement the record are hereby DENIED.